**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  CARRIE HOIPKEMIER, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-26- |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| 2.  INDEPENDENT SCHOOL DIST. 29, | ) | |
| a/k/a NORMAN PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Carrie Hoipkemier, and pleads her claims as follows:

**PARTIES**

1.    The Plaintiff is Carrie Hoipkemier, an adult resident of Logan County, Oklahoma.

2.    The Defendant is Independent School Dist. 29, a/k/a Norman Public Schools, an independent school district operating in Cleveland County, Oklahoma.

**JURISDICTION & VENUE**

3.  Plaintiff asserts claims for disability discrimination including failure to accommodate, termination based on disability and termination in retaliation for Plaintiff's requests for accommodation, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq*. and the federal Rehabilitation Act, §§ 791, 794, *inter alia*.

4.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Most of the actions giving rise to Plaintiff's claims occurred in Oklahoma County, Oklahoma, a county within the United States District Court for the Western District of Oklahoma.

**STATEMENT OF FACTS**

1

5. The Defendant employed at least fifteen employees during at least twenty weeks of the current or proceeding calendar year and are employers as defined under the Americans with Disabilities Act.

6. Defendant is a recipient of federal financial assistance.

7. Plaintiff was employed by Defendant as a teacher beginning around August 2024.

8. Plaintiff was qualified for her position and performed satisfactorily.

9. Plaintiff suffers from severe anxiety, depression, panic attacks and similar impairments which, without the ameliorative effects of mitigating measures, substantially limits one or more major life activities (including major bodily functions) including interacting with others, concentrating, thinking, working, and/or neurological and brain function.

10. Beginning in August 2024 and continuing throughout her employment, Plaintiff requested accommodations for her medical impairments of permission to bring her service dog with her to her classroom.  For instance:

A. in August 2025 Plaintiff made a verbal request for accommodation to Dr. Evelyn Kwanza (Director of Fine Arts for Norman Public Schools ("NPS")) and Jaylan Richardson (NPS's Early Childhood and Elementary Education Coordinator), who instructed Plaintiff to make her request to Kitrena Hime (NPS's Director of Counseling & Student Advocacy).

B. In August 2025 Plaintiff requested accommodation from Ms. Hime, who told Plaintiff it would be difficult for her to obtain approval for a service animal as an accommodation, but referred Plaintiff to an online link to a document

2

titled "Service Animal Notification of Intent Checklist".  Ms. Hime did not offer alternative accommodations or make any effort to accommodate Plaintiff's disability.

C.  Plaintiff completed the "Service Animal Notification of Intent Checklist" and submitted this form as required.

D.  On October 29, 2024 Dr. Kwanza sent Plaintiff an email denying her request for accommodation.  The email stated in full:

> Dear Carrie,
>
> I wanted to follow up regarding your request.
> After careful consideration and review of our policies, it has been determined that while we support the use of therapy dogs in specific roles to assist our students, we are unable to approve this request per NPS board policy.
> If you have any questions or would like to discuss this matter further, please don't hesitate to reach out.

E.  Plaintiff contacted Dr. Kwanza again asking for medical accommodation. During this conversation, Dr. Kwanza told Plaintiff that Holly Nevels (Associate Superintendent and Chief Human Resources Officer) made the decision to deny Plaintiff's requested accommodation.

F.  Around November 8, 2024 Plaintiff met with Dr. Kwanza, Ms. Richardson and Ann Rosales (NPS's Director of Elementary Teaching and Learning), where she again requested accommodation for her disability.

G.  On November 11, 2024 Ms. Nevels sent an email to Plaintiff and others stating in pertinent part:

> . . . I would need updated paperwork that clearly shows that Ms. Hoipkemier has a disability as recognized by the

Americans with Disabilities Act and which aligns with our board of education policy on service animals versus emotional support/therapy dogs. With what she has previously presented, her request would continue to be denied based on our board of education policy. . . .

H.    Thereafter Plaintiff again submitted a written request for accommodation, which Defendant again denied.

I.    Plaintiff continued to make verbal and written requests for accommodation through the following several months.

11.    Around March 14, 2025 Defendant told Plaintiff that her employment would end after the expiration of the 2024-2025 school year.

12.    Around April 22, 2025 Defendant finally approved Plaintiff's request for disability accommodation.

13.    At no time before April 2025 did Defendant offer alternative reasonable accommodation to Plaintiff's request for a service animal.

14.    At no time before April 2025 did Defendant ask Plaintiff to offer alternative reasonable accommodation.

15.    Plaintiff's termination became effective around May 27, 2025.

16.    As a direct result of the Defendant's conduct that Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, anxiety, sadness and similar unpleasant emotions.

17.    At the least, Plaintiff would not have been terminated but-for her disability (including her actual disability, her record of a disability and/or because Defendant

4

regarded her as disabled), her request for accommodation and/or Defendant's need to make reasonable accommodation to Plaintiff.

18. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination in September 2025.  The EEOC issued Plaintiff her right to sue letter with an issuance date of March 20, 2026, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

19. Discrimination on the basis of disability, in including terminating an employee because of a disability (including because of Plaintiff's actual disability, record of a disability and/or because Defendant regarded Plaintiff as disabled), because she requested accommodations and/or because of Defendant's need to accommodate the Plaintiff, violates the Americans with Disabilities Act.

20. Under this Count that Plaintiff is entitled to recover her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

21. Plaintiff is also entitled to other relief including reinstatement with a mandate that Defendant provided reasonable accommodation, and a declaration finding that Defendant violated the Americans with Disabilities Act in its treatment of the Plaintiff.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

22. Discrimination on the basis of disability, in including terminating an employee because of a disability (including because of Plaintiff's actual disability, record of a disability and/or because Defendant regarded Plaintiff as disabled), because she requested accommodations and/or because of Defendant's need to accommodate the Plaintiff, violates the federal Rehabilitation Act.

23. Under this Count that Plaintiff is entitled to recover her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

24. Plaintiff is also entitled to other relief including reinstatement with a mandate that Defendant provided reasonable accommodation, and a declaration finding that Defendant violated the federal Rehabilitation Act in its treatment of the Plaintiff.

**WHEREFORE**, the Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages (including emotional distress damages), punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other legal and equitable relief allowed.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF JUNE 2026.**

<div style="margin-left:50%">

s/ *Amber L. Hurst*

Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

</div>